# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

OCIE HOSKINS                                                                          PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:13CV75-CWR-LRA

JAMES HOLMAN, et al                                                        DEFENDANTS

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Defendants James Holman, Jean March, and Doris McDonald filed a Motion to Dismiss for Failure to Exhaust Available Administrative Remedies [23] on August 23, 2013. The motion is now before the undersigned for Report and Recommendation. By Text Order entered on October 7, 2013, Plaintiff Ocie Hoskins was directed to file a written response to the motion by November 8, 2013, explaining how he exhausted his administrative remedies. He was warned that his failure to respond to the Order could result in the dismissal of his Complaint. Plaintiff has not filed a written response to the Order or otherwise contacted the Court in response to the October 7th Order. The undersigned recommends that Defendants' Motion to Dismiss be granted.

Plaintiff is an inmate in the custody of the Mississippi Department of Corrections [MDOC] and housed at the Central Mississippi Correctional Facility [CMCF] in Pearl, Mississippi. He charged in his Complaint that on January 25, 2013, he was threatened by an inmate that Defendant Rockham allowed on the zone. He also charged that Defendants Rockham and McDonald threatened him and did not protect him from other inmates. Plaintiff stated in his Complaint that he did present these facts to the

administrative or grievance procedure in his institution, but that the manner used to

present his grievance was "NA." *Complaint* [1, p. 3]. The undersigned notes that

Plaintiff filed his Complaint in this Court on **February 4, 2013.**

In support of their motion, Defendants attached Exhibit "A," an Affidavit executed

by Le Tresia Stewart, an investigator for the Administrative Remedy Program [ARP] at

the CMCF, dated August 23, 2013 [23-1]. According to Ms. Stewart, Plaintiff did file a

grievance regarding his allegations that Officer Rockham allowed him to be threatened by

another inmate. That grievance was accepted on March 8, 2013, by the ARP and placed

on backlog. By letter received by ARP on July 17, 2013, Plaintiff requested to withdraw

the grievance.

Defendants also attached as Exhibit "B," an Affidavit by Ms. Stewart dated August

20, 2013 [23-2]. According to Ms. Stewart, Plaintiff filed another ARP concerning

allegations that the staff allowed him to be threatened by another offender. Plaintiff

signed for his First Step Response on February 6, 2013. By documentation dated

February 15, 2013, Plaintiff requested that all ARPs against Officer McDonald be

withdrawn.

The applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §

1997(e), provides that "[n]o action shall be brought with respect to prison conditions

under section 1983 of this title, or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted." The Act further provides that "... the term 'civil action with

respect to prison conditions means any civil proceeding arising under Federal law with respect to the conditions of confinement _or_ the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison...." *Id.*

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Jones v. Bock*, 549 U.S. 199, 211 (2007). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.*

The PLRA governs all of Plaintiff's claims in this case; he was required to complete the grievance procedure in its entirety *before* filing suit under § 1983. He filed his Complaint in this Court before he even filed his ARPs at CMCF. The Fifth Circuit has confirmed that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal,* 702 F.3d 785, 787-88

3

(5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d

781, 788 (5th Cir. 2012) (quoting *Gonzalez*).  The Court in *Gonzalez* discussed the

Supreme Court decisions in *Jones v. Bock* and *Woodford v. Ngo*, and held that

> District courts have no discretion to excuse a prisoner's failure to properly
> exhaust the prison grievance process before filing their complaint.  It is
> irrelevant whether exhaustion is achieved during the federal proceeding.
> Pre-filing exhaustion is mandatory, and the case must be dismissed if
> available administrative remedies were not exhausted.

*Gonzalez*, 702 F.3d at 788.

In this case, Defendants have proven by affirmative evidence that Hoskins never

exhausted his administrative remedies, as he withdrew his ARPs regarding the allegations

contained in this Complaint.  Further, he filed his Complaint on February 4, 2013, *prior*

to the filing of at least one of his ARPs.  Even if he had proceeded with the ARP

procedure, his Complaint must be dismissed because he had not *completed* the procedure

before filing this federal lawsuit.

For these reasons, the undersigned recommends that Defendants' Motion to

Dismiss for Failure to Exhaust Available Administrative Remedies [23] be **granted**.  The

Complaint should be dismissed and Final Judgment entered in favor of Defendants.  The

undersigned also recommends that the dismissal be counted as a "strike" under 28 U.S.C.

§ 1915(g).

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party may serve and

file written objections to these recommendations within 14 days after service.  The parties

are hereby notified that the failure to file written objections to the proposed findings,

4

conclusions, and recommendations contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of January 2014.

/s/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE